UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID J. MILLER, | ) 1:06CV0544 |
| | ) |
| Petitioner, | ) JUDGE ADAMS |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| STEWART HUDSON, | ) |
| Warden, | ) |
| | ) |
| Respondent | ) REPORT AND RECOMMENDED |
| | ) DECISION OF MAGISTRATE JUDGE |

McHARGH, MAG. J.

The petitioner David J. Miller ("Miller") has filed a petition pro se for a writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2003 felony convictions for felonious assault and child endangering, in the Cuyahoga County, Ohio, Court of Common Pleas. (Doc. 1.)

The sole ground of the petition is that Miller "was denied his constitutional rights as guaranteed him under the United States Constitution and the State of Ohio when the courts sentenced him to consecutive sentences, and denied him equal protection of the law." (Doc. 1, at § 12.A.) Miller asserts that the trial court sentenced him to a five-year term of incarceration for his conviction of child endangering and an eight-year term of incarceration for his conviction of felonious assault, to be served consecutively. Id. Miller asserts that "the record does not support consecutive sentences as such sentences are to be reserved for the worst offenses and offenders." Id.

The respondent has filed an answer to Miller's petition, arguing that his claim is procedurally barred and without merit. (Doc. 10, at 9, 16, 23.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

> Defendant, David Miller, appeals his sentence in two cases. In one case defendant was indicted on one count of felonious assault for stabbing his girlfriend in the neck. In the second case, he was indicted on three counts: felonious assault, child endangering, and domestic violence. He pleaded guilty to the first felonious assault case and also to the child endangering count in the second case. The state agreed to dismiss the remaining counts in exchange for the plea.
>
> The trial court sentenced defendant to maximum sentences in both cases and ordered the sentences to run consecutively. Defendant appeals the imposition of the maximum sentences for both convictions as well as the imposition of consecutive sentences.

(Doc. 10, Respondent's Exhibit (RX) 10, at 2; State v. Miller, No. 2004CA03083363, (Ohio Ct. App. Aug. 5, 2004)).

Miller, represented by different counsel than in the trial court, filed a timely appeal to the Eighth District Court of Appeals, Cuyahoga County, Ohio. (Doc. 10, RX 8a.) Miller raised the following assignments of error:

> 1. The trial judge erred in sentencing appellant to maximum sentence for the offenses of Child Endangering R.C. § 2919.22 and Felonious Assault, R.C. § 2903.11.
>
> 2. The trial court erred by sentencing the appellant to serve consecutive sentences.

(Doc. 10, RX 8a.)

On August 5, 2004, the appellate court affirmed the sentence, finding that "because of the unique violence of both acts, as the court noted, we find that the record supports, by clear and convincing evidence, the court's sentence of consecutive and maximum sentences for defendant's

convictions for felonious assault and child endangerment." (Doc. 10, RX 10, at 9; Miller, No.2004CA03083363.) The court found clear and convincing evidence that the court satisfied the criteria for imposing the maximum sentences for both crimes. (Doc. 10, RX 10, at 7.) The court found that the trial court made the requisite findings for imposing consecutive sentences under R.C. § 2929.14(E), including that consecutive sentences were necessary to protect the public from future crimes, and that a thirteen-year period of incarceration was not disproportionate to the seriousness of appellant's conduct. Id. at 8-9.

On November 1, 2004, Miller filed, pro se, a motion to file a delayed appeal, which was granted by the Ohio Supreme Court. On January 7, 2005, Miller filed a memorandum in support of jurisdiction setting forth one proposition of law:

> 1. The Appellant/Defendant was denied his constitutional rights as guaranteed him under the United States Constitution and the State of Ohio, when the courts sentenced him to consecutive sentences, and denied him equal protection of the laws.

(Doc. 10, RX 11, at 7.) On March, 23, 2005, the court denied Miller's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 10, RX 13; State v. Miller, No. 04-1843 (2005).)

## II. SENTENCING VIOLATION

The sole ground of the petition is that Miller's right to Equal Protection of law was denied when the courts sentenced him to consecutive sentences. (Doc. 1, at § 12.A.) Miller cites the following supporting facts: "the trial [c]ourt sentenced the petitioner to serve a 5 year term of incarceration for this [c]onviction of [c]hild endangering, a third degree [f]elony consecutively to an 9 year sentence for conviction of [f]elonious [a]ssault. The record does not support consecutive sentences as such sentences are to be reserved for the worst offenses and offenders." Id.

Essentially, Miller had argued on appeal that the trial court misapplied Ohio Rev. Code § 2929.14(C) and § 2929.11(B) in sentencing him to the maximum statutory term. See, e.g., Doc. 10, RX 8a, at 7-12. Similarly, the court allegedly erred in sentencing him to consecutive sentences in violation of Ohio Rev. Code § 2929.14(E)(4). Id.

The respondent argues that Miller's sentencing claim has no merit. (Doc. 10, at 16-23.) In addition, it is argued that Miller's claim has been procedurally defaulted. Id. at 7-14.

## A. Procedural Default

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the

alleged constitutional error. Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

Where a state court has failed to address a prisoner's federal claim because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000).

This court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts. Baldwin v. Reese, 541 U.S. 27 (2004); Jacobs v. Mohr, 265 F.3d 407, 415 (6th Cir. 2001). The Sixth Circuit has stated:

> A claim may only be considered "fairly presented" if the petitioner asserted both the factual and legal basis for his claim to the state courts. This court has noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented": (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), cert. denied, 532 U.S. 958 (2001) (citing Franklin v. Rose, 811 F.2d 322, 325-326 (6th Cir. 1987)). See also Hicks v. Straub, 377 F.3d 538, 552-554 (6th Cir. 2004), cert. denied, 544 U.S. 928 (2005). To "fairly present" the claim to the state courts, a habeas petitioner must present his claim as a federal constitutional issue, not as an issue arising under state law. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).

Miller did not frame either of the grounds for his state appeal to the Court of Appeals as a federal constitutional issue. See generally Doc. 10, RX 8a. Miller's appeal to the Court of Appeals did not rely on federal constitutional analysis, nor did his claims implicate a constitutional right. The petitioner first raised a constitutional issue to the state high court in his January 7, 2005,

memorandum in support of jurisdiction, in which he alleged that he was denied equal protection under the United States Constitution when the courts sentenced him to serve consecutive sentences. (Doc. 10, RX 11.) The Ohio Supreme Court denied Miller's leave to appeal and the appeal was dismissed. (Doc. 10, RX 13). The Ohio Supreme Court will not consider a constitutional question which was not raised and argued in the lower courts. Leroy v. Marshall, 757 F.2d 94, 99 (6th Cir.), cert. denied, 474 U.S. 831 (1985); Mitts v. Bagley, No. 1:03CV1131, 2005 WL 2416929, at *60 (N.D. Ohio Sept. 29, 2005); State v. Phillips, 27 Ohio St.2d 294, 302, 272 N.E.2d 347, 352 (1971). See also State v. Roberts, 1 Ohio St.3d 36, 437 N.E.2d 598, 599 (1982) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus) (under Ohio law, constitutional issues cannot be considered in post-conviction proceedings where they could have been litigated at trial or on direct appeal); State v. Williams, 157 Ohio App.3d 374, 378, 811 N.E.2d 561, 564 (Ohio Ct. App. 2004). Miller can no longer raise a Sixth Amendment violation claim in state court, as it would be barred on the basis of res judicata. Leroy, 757 F.2d at 99; Mitts, 2005 WL 2416929, at *60.

To the extent Miller's habeas corpus petition presents a Blakely claim, it is procedurally barred because Miller did not fairly present this federal claim to the state courts. Blakely v. Washington, 542 U.S. 296 (2004) was not issued until June 24, 2004, after Miller's appeal to the Court of Appeals was already underway. (Doc. 10, at 10.) However, as respondent points out, Blakely was issued six weeks before the Court of Appeals issued its opinion affirming Miller's conviction on August 5, 2004. (Doc. 10, RX 10.) Miller could have moved for leave of court to submit a further brief including a Blakely claim. See Ohio App. R. 16(C). Moreover, the Sixth Amendment sentencing issue arose several years earlier, in Apprendi v. New Jersey, 530 U.S. 466

(2000). Indeed, the Supreme Court in Blakely stated that: "This case requires us to apply the rule we expressed in Apprendi." Blakely v. Washington, 542 U.S. 296, 301 (2004).[1]

Because Miller did not fairly present his federal claim to the state courts, he is procedurally barred from seeking federal habeas relief on this claim. The petition should be dismissed on that basis. Even if the court were to consider the claim on the merits, the petition would be denied.

## B. Improper Sentencing Under State Law

To the extent Miller contends that the trial court did not make sufficient findings for imposing consecutive sentences, federal habeas relief is not available. A challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas action. Howard v. White, No. 03-1042, 2003 WL 22146139, at *2 (6th Cir. Sept. 16, 2003); Kipen v. Renico, No. 02-1742, 2003 WL 21130033 (6th Cir. May 14, 2003). Federal habeas relief is not available for a claimed error of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Howard, 2003 WL 22146139, at *2.

Habeas relief is only available if the petitioner demonstrates that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Williams v. Taylor, 529 U.S. 362, 412-413 (2000); Lewis, 497 U.S. at 780; Mask v. McGinnis, 252 F.3d 85, 90 (2d Cir. 2001) (per curiam). Miller has not established that the state court decision regarding his sentencing was contrary to, or involved an unreasonable application of, clearly established federal law.

---

[1]Likewise, State v. Foster was based on both Apprendi and Blakely. See State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (Ohio 2006), cert. denied, 127 S.Ct. 442 (2006) (syllabus, ¶ 3).

**C. Sixth Amendment Issues**

It is unclear from Miller's habeas petition, which simply alleges an equal protection violation, whether he intended to raise a Sixth Amendment claim in this court. Although petitioner is proceeding pro se, this court "is not required to fabricate allegations which are not plead." Ayres v. John Does 1-10, No. C-1-94-285, 1995 WL 313681, at *1 (S.D. Ohio Feb. 28, 1995). See also McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979); Abdool-Rashaad v. Seiter, 690 F.Supp. 598, 599 (S.D. Ohio 1987). Although Miller's contention that the record does not support consecutive sentences would apparently constitute an allegation of a violation of state law, the court will consider the Sixth Amendment issue.

The Supreme Court in Blakely v. Washington, clarified its recent Sixth Amendment decision in Apprendi v. New Jersey. The Apprendi Court had ruled that: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, 542 U.S. at 301 (quoting Apprendi, 530 U.S. at 490).

In Blakely, the defendant entered a guilty plea, and, pursuant to the plea agreement, the state recommended a sentence within the standard range of 49 to 53 months. Blakely, 542 U.S. at 300. However, "the judge rejected the State's recommendation and imposed an exceptional sentence of 90 months." Id. The Supreme Court noted that the defendant was sentenced to more than three years above the 53-month statutory maximum because of the trial court's determination that he had acted with "deliberate cruelty." Id. at 303. As Blakely points out, "[t]he facts supporting that finding were neither admitted by [the defendant] nor found by a jury." Id. The Court found a Sixth Amendment

violation because the judge had imposed the sentence based upon a judicial finding of some additional fact. Id. at 305.

Subsequently, the Supreme Court of Ohio has recognized that several provisions of Ohio's felony sentencing structure violate the Sixth Amendment to the U.S. Constitution. State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), cert. denied, 127 S.Ct. 442 (2006). In particular, the court noted that, "with limited exceptions, the Ohio Revised Code provides that consecutive sentences in Ohio may not be imposed except after additional fact-finding by the judge." Foster, 109 Ohio St.3d at 21, 845 N.E.2d at 491. Thus, the court ruled: "Because R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional." Id. at 2, 845 N.E.2d at 475 (syllabus, ¶ 3).

However, the court also ruled that: "R.C. 2929.14(E)(4) and 2929.41(A) are capable of being severed. After the severance, judicial fact-finding is not required before imposition of consecutive prison terms." Id. at 2, 845 N.E.2d at 475 (syllabus, ¶ 4). As a consequence, Ohio "trial courts are now no longer required to make any findings or give any reasons when imposing consecutive sentences." Minor v. Wilson, No. 05-3534, 2007 WL 106771, at *6 n.1 (6th Cir. Jan. 17, 2007). The change in Ohio sentencing law is applicable only to those cases pending on direct review. Minor, 2007 WL 106771, at *6 n.1; Foster, 109 Ohio St.3d at 31, 845 N.E.2d at 499 (citing United States v. Booker, 543 U.S. 220, 268 (2005)).

Although Foster ruled that provisions of Ohio's sentencing statutes were unconstitutional under the Sixth Amendment, this court's resolution of the petition for a writ of habeas corpus cannot be grounded on the Supreme Court of Ohio's rulings regarding the Sixth Amendment. Rather, this

court must base its rulings on constitutional law as determined by the U.S. Supreme Court. Williams, 529 U.S. at 412-13; 28 U.S.C. § 2254(d)(1).

A district court has jurisdiction to pass upon the constitutionality of a state statute in a habeas corpus proceeding. See, e.g., Wilson v. Gooding, 431 F.2d 855, 857 (5th Cir. 1970), aff'd, 405 U.S. 518 (1972). Even in a case where the state's highest court has declared a state statute unconstitutional, if it does so on federal constitutional grounds, a federal habeas court must "make an independent determination of the applicable federal standards." United States ex rel. Newsome v. Malcolm, 492 F.2d 1166, 1171 (2d Cir. 1974), aff'd, 420 U.S. 283 (1975). See also Diaz v. Kinkela, 253 F.3d 241, 244 (6th Cir. 2001).

It is true that Blakely does not apply retroactively to cases on collateral review, that is, after a conviction has become final on direct appeal. See Schriro v. Summerlin, 542 U.S. 348, 358 (2004) (new procedural rule does not apply retroactively to cases already final on direct review); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005), cert. denied, 126 S.Ct. 199 (2005)). However, U.S. Supreme Court rulings on this constitutional issue do apply to all criminal cases while pending on direct review. Booker, 543 U.S. at 268; Schriro, 542 U.S. at 351; see generally Foster, 109 Ohio St.3d at 31, 845 N.E.2d at 499 (citing Booker). The first step is to determine when Miller's conviction became final. Humphress, 398 F.3d at 860.

For habeas purposes, a conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). On December 2, 2003, Miller appealed his sentence to the Cuyahoga County Court of Appeals (Doc. 10, RX 8a). The Court of Appeals affirmed the decision of the trial court on August 16, 2004. (Doc. 10, RX 10.) Miller's case was still proceeding through the state court system on direct review when Blakely was

decided (June 24, 2004). The underlying Apprendi decision (2000) was also in effect.[3] Thus, the Apprendi-Blakely Sixth Amendment principles would govern an alleged sentencing violation.

Miller claims the trial court improperly sentenced him to serve consecutive sentences. On this point, the court finds the reasoning of Shafer v. Wilson persuasive. In Shafer v. Wilson, the petitioner argued that his sentencing violated the Sixth Amendment because "the trial court imposed a sentence that exceeded the presumptive minimum and imposed consecutive sentences based on findings of fact made by the trial judge." Shafer v. Wilson, No. 1:06CV0648, 2007 WL 315760, at *10 (N.D. Ohio Jan. 30, 2007) (Gwin, J.). The district court rejected the recommendation of the magistrate judge, and ruled that, although the petitioner's sentence violated Blakely, it did not result in any prejudice, and agreed that "any error in sentencing Shafer was harmless." Id. at *11. The court noted that, after Foster,

> . . . sentencing judges are free to impose any sentence within the applicable statutory range without the need to make any specific judicial findings. Stated otherwise, because Ohio remedied its unconstitutional sentencing regime by making its guidelines advisory, there is no reason to believe the Petitioner would receive a more favorable sentence if the Court grants his habeas request for relief.

Shafer, 2007 WL 315760, at *11.

Even if Miller's sentence violated Blakely, it does not result in any prejudice. As Shafer noted, under Ohio law after Foster, "sentencing judges are free to impose any sentence within the applicable statutory range without the need to make any specific judicial findings." Id. at *11. See also Minor, 2007 WL 106771, at *6 n.1 (Ohio courts no longer required to give any reasons when imposing consecutive sentences). Miller's sentences for felonious assault and child endangering are

---

[3] Although the Supreme Court of Ohio did not decide Foster until Feb. 27, 2006, it based its decision on consecutive sentencing on both Apprendi and Blakely. Foster, 109 Ohio St.3d at 2, 845 N.E.2d at 475 (syllabus, ¶ 3.)

both within the applicable statutory range and the trial court set forth its reasoning for imposing consecutive sentences.

## III. SUMMARY

Miller's petition for a writ of habeas corpus should be dismissed because his only claim was procedurally defaulted. Even if Miller's claim were to be considered on the merits, his petition would be denied.

## RECOMMENDATION

It is recommended that the petition be dismissed.

Dated: June 27, 2007

/s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).